# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| MICHAEL C. RALEIGH,<br>    Petitioner, | Case No. 1:12-cv-211 |
| vs. | Barrett, J.<br>Bowman, M.J. |
| WARDEN, LONDON<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, an inmate in state custody at the London Correctional Institution in London, Ohio, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition, respondent's return of writ, and petitioner's reply. (Docs. 1, 6, 8).

## I.  PROCEDURAL HISTORY

### State Trial Proceedings and Appeal

On June 21, 2009, the Clermont County, Ohio, grand jury returned a ten-count indictment in case number 2009-CR-000035, charging petitioner with one count of burglary; seven counts of grand theft of a firearm; one count of breaking and entering; and one count of theft. (Doc. 6, Ex. 2). On March 25, 2009, a second indictment was issued in case number 2009-CR-000201, charging petitioner with two counts of burglary; one count of theft; and one count receiving stolen property. (Doc. 6, Ex. 3). The indictments were not consolidated for trial, but were tried simultaneously. (*See* Doc. 6, Ex. 1).

After a jury trial, petitioner was found guilty of all charges, with the exception of two counts of grand theft of a firearm, which were dismissed during trial. *See id.* Petitioner was sentenced to a total sentence of seven years of imprisonment in case number 2009-CR-000035 and

twelve years in 2009-CR-000201, with the sentences to run concurrently. *Id.*

Petitioner filed two timely pro se notices of appeal to the Ohio Court of Appeals from his judgments of conviction. His cases were ultimately consolidated and on December 4, 2009, through counsel, petitioner presented the following three assignments of error:

1. Appellant was denied effective assistance of counsel in violation of his constitutional rights thus prejudicing his right to a fair trial.

2. The evidence was insufficient as a matter of law and/or against the manifest weight of the evidence to sustain appellant's convictions for burglary, breaking and entering and theft.

3. The trial court erred as a matter of law by improperly sentencing appellant.

(Doc. 6, Ex. 10).

On June 28, 2010, the Ohio Court of Appeals affirmed the trial court convictions, but remanded the case for resentencing. (Doc. 6, Ex. 12). The appellate court found that petitioner's sentences for theft and receiving stolen property in case number 2009-CR-000201 should be merged as allied offenses of similar import. (Doc. 6, Ex. 1, p. 11). On August 26, 2010, the trial court merged the theft and receiving stolen property convictions for sentencing and re-sentenced petitioner to the same total sentence. (Doc. 6, Ex. 14).

**Post-Conviction Petition**

Meanwhile, on August 6, 2010, petitioner filed a pro se petition to vacate or set aside judgment of conviction or sentence. (Doc. 6, Ex. 13). Therein, petitioner presented two claims:

1. I was deprived of my Sixth Amendment right to counsel because my trial counsel was ineffective.

2. 14th Amendment Right Due Process

(Doc. 6, Ex. 13). On October 1, 2010, the trial court denied the petition. (Doc. 6, Ex. 15).

**Delayed Appeal**

On January 31, 2011, petitioner filed a pro se notice of appeal and a request for leave to file a delayed appeal from the denial of his direct appeal in the Ohio Supreme Court.   (Doc. 6, Ex. 17, 18).   As cause for the untimely filing, petitioner argued that "[n]either the court nor his appellate counsel . . . served appellant with a copy of the appeals court[']s June 28, 2010 decision." (Doc. 6, Ex. 18, p. 2).

On March 16, 2011, the Ohio Supreme Court denied petitioner's motion.   (Doc. 6, Ex. 19).

**Federal Habeas Corpus**

Petitioner filed the instant federal habeas petition on March 5, 2012.[1]   (Doc. 1). Petitioner raises the following single ground for relief in the petition:

> **GROUND ONE:**  Ohio Supreme Court denied defendant's right to appeal a violation of the Constitution of the United States.
>
> Supporting facts:  Defendant's motion to the Ohio Supreme Court was untimely but cause of such was out of the defendant's control and leave should have been granted.

*Id.*

Respondent opposes the petition.   In the return of writ, respondent contends that the petition is time barred and that petitioner's single ground for relief is not cognizable in federal habeas corpus.

---

1 The petition was stamped as "filed" with the Court on March 13, 2012.  (Doc. 1, p. 1).  Petitioner avers, however, that he placed the petition in the prison mailing system for delivery to the Court on March 5, 2012.  (*See* Doc. 1, p. 16).  Because under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a pro se prisoner is the date on which the prisoner provides his papers to prison authorities for mailing, *see In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997), it is presumed that the petition was "filed" on March 5, 2012.

3

**II.     THE PETITION SHOULD BE DENIED.**

Petitioner contends that the Ohio Supreme Court "denied [his] right to Appeal a violation of the Constitution of the United States."  (Doc. 1, p. 4).  Specifically, petitioner argues that he should have been permitted to file a delayed appeal in the Ohio Supreme Court because he provided cause for failing to file a timely appeal.   In response to the return of writ, petitioner contends that the denial of his delayed appeal deprived him of his right to effective assistance of counsel, equal protection and due process.   (Doc. 8).

As an initial matter, petitioner's single ground for relief fails to state a claim cognizable in federal habeas corpus.   This Court may grant the writ of habeas corpus only if petitioner, pursuant to the judgment of a State court, "is in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2254(a).   The federal courts may not issue a writ of habeas corpus "on the basis of a perceived error of state law."   *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988).   *See also Floyd v. Alexander,* 148 F.3d 615, 619 (6th Cir. 1998) (concluding that violation of a state law is not cognizable in federal habeas corpus proceedings).   "It is not the province of a federal court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991).   A violation of state law is not cognizable in federal habeas corpus unless such error amounts to a fundamental miscarriage of justice or a violation of the right to due process in violation of the United States Constitution.   *See Floyd v. Alexander,* 148 F.3d 615, 619 (6th Cir. 1998); *Serra v. Michigan Dep't of Corr.,* 4 F.3d 1348, 1354 (6th Cir. 1993).

In the instant case, petitioner challenges the Ohio Supreme Court's decision denying him leave to file a delayed direct appeal.   To the extent that petitioner claims the Court failed to follow

4

its own procedural rules,[2] this Court may not act as an additional appellate court to review the state court's interpretation of its own rules or procedures. *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987). Therefore, whether or not the Ohio Supreme Court properly denied petitioner's motion for a delayed appeal under state law is not an issue for this Court on habeas review. *See Jones v. Moore*, 2006 WL 903199, at *6 (N.D. Ohio Apr. 7, 2006) (dismissing ground for relief challenging Ohio Supreme Court's denial of motion for leave to appeal as being not cognizable and noting that there is no constitutional right to appeal to the Ohio Supreme Court); *Norris v. Davis*, 2006 WL 1581410 at *18 (E.D. Mich. May 3, 2006) (finding that a substantive claim regarding the state supreme court's denial of a delayed appeal failed to state a federal constitutional claim cognizable on habeas review); *Smith v. State of Ohio Dep't. of Rehab. and Corr.*, 331 F. Supp.2d 605, 622 (N.D. Ohio 2004) (finding that a ground for relief challenging Ohio Supreme Court's denial of a motion for leave to file a delayed appeal is not cognizable in federal habeas review). Accordingly, petitioner has failed to state a cognizable claim to the extent that he seeks habeas relief based on the Ohio Supreme Court's denial of his delayed appeal.

As to any cognizable constitutional claims raised in response to the return of writ or that petitioner intended to raise in his habeas petition,[3] it appears any such claims are subject to dismissal because the petition was filed after the expiration of the statute of limitations. Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment

---

2 Ohio Supreme Court Rules of Practice 7.01(A)(4) specifies the requirements for filing a motion for a delayed jurisdictional appeal, including the requirement that the appellant state the reasons for his or her delay in filing.

3 Although the petition does not identify what constitutional grounds petitioner would have raised had he been permitted to pursue a delayed appeal in the Ohio Supreme Court, he argues that he has shown cause for his failure to have the Ohio Supreme Court consider the claims on the merits. (Doc. 8, pp. 5-9).

5

of a state court must file an application for writ of habeas corpus within one year from the latest of:

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

In this case, petitioner's case became final under § 2244(d)(1)(A) on September 25, 2010, upon the expiration of the 30-day period for filing an appeal from the trial court's August 26, 2010 resentencing. *See* Ohio R. App. P. 4(A). The statute commenced running on September 28, 2010, the next business day after petitioner's conviction became final, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on September 27, 2011, absent the application of statutory or equitable tolling principles.

During the one-year limitations period, petitioner was entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* ___ U.S.___, 130 S.Ct. 2549, 2554 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive'

the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Id.*

In this case, petitioner's post-conviction petition was pending from the time his conviction became final until October 1, 2010, when the trial court denied his petition. (*See* Doc. 6, Ex. 15). Petitioner had thirty days to appeal from this decision or until October 31, 2010. *See Gravitt v. Tyszkiewicz,* 35 F.App'x 116, 118 (6th Cir. 2002) ("Regardless of whether a petitioner actually appeals the denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law."). Because petitioner did not appeal from this denial of his post-conviction petition, the limitations period ran ninety-one days, from November 1, 2010 until January 31, 2011, when petitioner filed his motion for a delayed appeal in the Ohio Supreme Court. (*See* Doc. 6, Ex. 17, 18). The Ohio Supreme Court denied petitioner's motion on March 16, 2011. (*See* Doc. 6, Ex. 19). The limitations period began to run the following day and expired 274 days later, on Monday, November 21, 2011.[4] Because petitioner did not file his habeas petition until March 5, 2012, 105 days later, petitioner's petition is time-barred unless petitioner is entitled to equitable tolling.

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland*, 130 S.Ct. at 2560, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Equitable

---

4 Because the limitations period expired on a weekend, the undersigned will consider the limitations period to have expired on the next business day.

tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 130 S.Ct. at 2562 (internal quotations omitted)); *see also Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005). Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir.), *cert. denied,* 132 S.Ct. 456 (2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* __ F. App'x __, No. 10-1379, 2012 WL 48186, at *2 n.1 (6th Cir. Jan. 9, 2012).

Petitioner has not directly argued that he is entitled to equitable tolling. However, petitioner does argue in response to the return of writ that his counsel's failure to inform him of the Court of Appeals' June 28, 2010 direct appeal decision demonstrates "cause" for failing to submit a timely appeal to the Ohio Supreme Court. (Doc. 8, p. 9). Petitioner claims there is a reasonable probability that if he had been notified of the decision he would have submitted a timely appeal to the Ohio Supreme Court. *Id.*

To the extent that petitioner argues that his lack of notification entitles him to equitable tolling, his argument is without merit. As noted above, petitioner's direct appeal was decided on June 28, 2010. In his application for leave to file a delayed appeal to the Ohio Supreme Court, filed on January 31, 2011, petitioner claimed that he did not receive notice of the appellate decision

8

until months after it had been decided and that he filed his request for a delayed appeal as soon as he received a copy of the decision. (Doc. 6, Ex. 18, p. 2). However, the record belies petitioner's claim. Prior to the expiration of the 45-day deadline for appealing to the Ohio Supreme Court from the Court of Appeals' June 28, 2010 decision, petitioner filed a petition to vacate or set aside judgment of conviction or sentence. (Doc. 6, Ex. 13). As an attachment to the post-conviction petition, petitioner included the dissent from the Court of Appeals' June 28, 2010 decision. *See id.* Because petitioner clearly possessed the decision and filed his post-conviction petition prior to the expiration of the 45-day filing deadline to file an appeal to the Ohio Supreme Court, petitioner fails to demonstrate that any extraordinary circumstance prevented him from filing a timely appeal.

Furthermore, the record in this case demonstrates that petitioner was not diligent in pursuing his federal rights. The Sixth Circuit has indicated that the relevant inquiry in determining whether equitable tolling applies is whether petitioner was diligent in pursuing federal habeas relief. *Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003) (finding that petitioner's decision to proceed solely in state court "rather than filing his federal habeas petition and protecting his federal constitutional rights, demonstrates a lack of diligence"). In this case, petitioner waited over eleven months from the Ohio Supreme Court's March 16, 2011 denial of his delayed appeal to file his habeas petition. *See Colbert v. Tambi*, 513 F.Supp.2d 927, 936 (S.D. Ohio 2007) (finding equitable tolling inappropriate where petitioner failed to explain an eleven month delay following the denial of his delayed appeal). Therefore, petitioner has failed to demonstrate that he was diligent in pursuing his rights and is not entitled to equitable tolling. Accordingly, petitioner's habeas petition, filed after the expiration of the limitations period is

9

subject to dismissal as being time-barred.

Accordingly, in sum, petitioner is not entitled to habeas relief. Having found that petitioner's single ground for relief is not cognizable in federal habeas corpus and that any claim petitioner intended to raise in the petition is subject to dismissal as being time-barred, it is recommended that petitioner's petition for a writ of habeas corpus be **DENIED** with prejudice.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** with prejudice.

2. A certificate of appealability should not issue with respect to the ground for relief set forth in the petition, which was addressed on the merits herein, because petitioner has not stated a "viable claim of the denial of a constitutional right" or that the issues presented are "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (*citing Barefoot v. Estelle*, 463 U.S. 880, 893 & n. 4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b).

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

MICHAEL C. RALEIGH,  Case No. 1:12-cv-211
    Petitioner,

                                                                              Barrett, J.
vs.                                                                    Bowman, M.J.

WARDEN, LONDON
CORRECTIONAL INSTITUTION,
    Respondent.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).