UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Michael C. Raleigh,

  Petitioner,

  v.            Case No. 1:12cv211

Warden, London        Judge Michael R. Barrett
Correctional Institution,

  Respondent.

**OPINION & ORDER**

This matter is before the court on the July 30, 2013 Magistrate Judge's Report and Recommendation ("R&R") recommending that Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied. (Doc. 9.) Notice was given to the parties under 28 U.S.C. §636(b)(1)(C). Petitioner filed objections to the R&R. (Doc. 11.)

**I. BACKGROUND**

On March 5, 2012, Petitioner filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 3). The Magistrate Judge set forth the facts of this case in the R&R, and the same will not be repeated here except to the extent necessary.

Following a jury trial, Petitioner was found guilty of all charges, except two counts which were dismissed during trial. Petitioner appealed, and on June 28, 2010, the Ohio Court of Appeals affirmed the convictions, but remanded the case for resentencing. On August 26, 2010, the trial court resentenced Petitioner, merging two sentences stemming from charges which were allied offenses of similar import.

On January 31, 2011, Petitioner filed a *pro se* notice of appeal and request for leave to file the delayed appeal. As cause, Petitioner stated that neither the court nor his counsel served him with a copy of the Ohio Court of Appeals' June 28, 2010 decision. On March 16, 2011, the Ohio Supreme Court denied Petitioner's motion.

In his petition before this Court, Petitioner claims that the Ohio Supreme Court violated his constitutional rights when it denied his request for leave to file the delayed appeal.

The Magistrate Judge concluded that Petitioner fails to state a claim cognizable in federal habeas corpus because there is no constitutional right to appeal to the Ohio Supreme Court. The Magistrate Judge also concluded that that any constitutional claims raised in Petitioner's petition are time barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).

## II. ANALYSIS

When objections are received to a magistrate judge's report and recommendation on a dispositive matter, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

To the extent that Petitioner's claim is based on the Ohio Supreme Court's denial of his leave to file a delayed appeal, there is no constitutional right to an appeal to the Ohio Supreme Court. *Jones v. Moore*, 3:04CV7584, 2006 WL 903199, *6 (N.D. Ohio Apr. 7, 2006) (citing *Slaughter v. Brigano*, No. 1:01-CV-00868, 2005 WL 2453092

(S.D.Ohio 2005)). Therefore, the Magistrate Judge did not err in concluding that Petitioner failed to state a claim on this basis.

The Court also finds that the Magistrate Judge did not err in concluding that Petitioner's constitutional claims are time-barred. As the Magistrate Judge explained, under § 2244(d)(1)(A), Petitioner's conviction became final on September 25, 2010—the day on which Petitioner's 30-day period for filing an appeal as of right expired. The Magistrate Judge found that Petitioner was entitled to statutory tolling under 28 U.S.C. § 2233(d)(2) during the time his state post-conviction petition was pending. Petitioner has not objected to this calculation. Accordingly, the Magistrate Judge determined that the limitations period expired on November 21, 2011. Because Petitioner's petition was not filed until March 5, 2012, his petition is time-barred. Therefore, the petition is time-barred unless Petitioner is entitled to equitable tolling.

A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745 (6th Cir. 2011) (quoting *Holland v. Florida*, 560 U.S. 631 (2010) (internal quotations omitted)). As the Magistrate Judge noted, Petitioner does not directly argue that he is entitled to equitable tolling. Instead, Petitioner argues that "he was not properly notified that his district appeal was affirmed by his counsel, when he became aware of such, the time had ran out for him to file to the Supreme Court of Ohio." (Doc. 11, PAGEID # 414). To the extent that Petitioner is again arguing that he did not receive a copy of the Ohio Court of Appeals' June 28, 2010 decision, as the Magistrate Judge noted, the record undermines Petitioner's claim. Within the 45-day filing deadline for appealing to the Ohio

3

Supreme Court, Petitioner filed a petition to vacate or set aside judgment or conviction of sentence.  Attached to this petition was the concurring and dissenting opinion from the Court of Appeals June 28, 2010 decision.  (See Doc. 6, PAGEID # 171-76).  Therefore, the Magistrate Judge did not err in concluding that Petitioner failed to demonstrate that any extraordinary circumstance prevented him from filing a timely appeal.

Moreover, as the Magistrate Judge explained, Petitioner waited over eleven months from the Ohio Supreme Court's March 16, 2011, denial of his delayed appeal to file his habeas petition."  Therefore, the Magistrate Judge did not err in concluding that Petitioner was not diligent in pursuing his federal rights.  *See Colbert v. Tambi*, 513 F.Supp.2d 927, 936 (S.D. Ohio 2007) (finding equitable tolling inappropriate where petitioner failed to explain eleven month delay following denial of his delayed appeal).

Finally, to the extent that Petitioner attempts to raise a claim of ineffective assistance of appellate counsel based on the failure of counsel to notify him of the June 28, 2010 decision, that claim has no merit.  The Court recognizes that Petitioner had a constitutional right to effective assistance of counsel during his appeal as of right.  *Smith v. State of Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 433 (6th Cir. 2006) (explaining that "appellate counsel's duties do not terminate the moment the court of appeals hands down its decision.").  However, as explained above, the record shows that Petitioner received a copy of the June 28, 2010 decision within the 45-day period for filing his appeal to the Ohio Supreme Court because Petitioner submitted part of the written decision as an exhibit to his post-conviction petition filed on August 6, 2010.  Petitioner has not identified any other grounds to support an ineffective assistance of appellate counsel claim.

### III. CONCLUSION

Based on the foregoing, the July 30, 2013 Magistrate Judge's R&R recommending that Petitioner's case be dismissed with prejudice (Doc. 9) is hereby **ADOPTED**. Accordingly, it is hereby **ORDERED** that:

1. Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** with prejudice.

2. A certificate of appealability is **DENIED** with respect to the ground for relief set forth in the petition, which was addressed on the merits herein, because petitioner has not stated a "viable claim of the denial of a constitutional right" or that the issues presented are "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n. 4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b).

3. With respect to any application by petitioner to proceed on appeal in *forma pauperis*, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order adopting the R&R would not be taken in "good faith," and therefore the Court **DENIES** petitioner leave to appeal in *forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

4. This matter shall be **CLOSED** and **TERMINATED** from the active docket of this Court.

   **IT IS SO ORDERED.**

                   */s/ Michael R. Barrett*
                   Michael R. Barrett, Judge
                   United States District Court